**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| TECH ENERGY PRODUCTS, L.L.C.,<br><br>*Plaintiff*,<br><br>v.<br><br>WORLDWIDE OILFIELD MACHINE, INC. and WORLDWIDE OILFIELD MACHINE VALVES & CONTROLS, INC.,<br><br>*Defendants*. | Civil Action No.: 7:26-cv-00417<br><br>**JURY TRIAL DEMANDED** |

**TECH ENERGY'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Tech Energy Products, L.L.C. ("Tech Energy"), for its Complaint seeking relief for patent infringement against Defendants Worldwide Oilfield Machine, Inc. and Worldwide Oilfield Machine Valves & Controls, Inc. (collectively, "WOM"), states and alleges as follows:

**The Parties**

1. Plaintiff Tech Energy is a limited-liability company organized under the laws of the State of Louisiana with its principal place of business at 1650 Swan Lake Road, Bossier City, Louisiana 71111.

2. On information and belief, Worldwide Oilfield Machine, Inc. is a corporation organized under the laws of the State of Texas with its principal place of business at 11809 Canemont Street, Houston, Texas 77035. On information and belief, Worldwide Oilfield Machine, Inc. also has a place of business and conducts

business within this judicial district at its Midland facility located at 4707 SCR 1210, Midland, Texas 79706.

3. On information and belief, Worldwide Oilfield Machine Valves & Controls, Inc. is an affiliate of Worldwide Oilfield Machine, Inc. and a corporation organized under the laws of the State of Texas with its principal place of business at 11809 Canemont Street, Houston, Texas 77035. On information and belief, Worldwide Oilfield Machine Valves & Controls, Inc. also has a place of business and conducts business within this judicial district at its Midland facility located at 4707 SCR 1210, Midland, Texas 79706.

## **Jurisdiction and Venue**

4. This Court has subject-matter jurisdiction over Tech Energy's claims under 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

5. WOM is subject to this Court's general and specific personal jurisdiction at least because: (1) WOM is at home in the State of Texas where it is incorporated; (2) WOM has registered agents for service of process in Texas, regularly conducts business in Texas and within this judicial district, and has substantial and continuous contacts within this judicial district; (3) WOM has purposefully availed itself of the privileges of conducting business in this judicial district and has a regular and established place of business in this judicial district; and (4) WOM has committed acts of patent infringement in this judicial district by selling and offering to sell products and services throughout the United States,

including in this judicial district, and introducing infringing products into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

6. Venue in this Court is proper under the provisions of 28 U.S.C. § 1400 because WOM has committed acts of infringement and has a regular-and-established place of business in this District at 4707 SCR 1210, Midland, Texas 79706 and because WOM resides in Texas.

## Tech Energy

7. Tech Energy is a privately held Louisiana-based company founded by Rick Roberts in 2015. For more than a decade, Tech Energy has pioneered important and pivotal innovations relating to equipment and mechanical components used in the oil-and-gas industry, including chokes, gate valves, plug valves, wellhead equipment, and pressure drilling manifolds and modules. Tech Energy's innovations have enabled improvements in the quality and operation of equipment and components used in the global oil-and-gas industry.

## The Asserted '106 Patent

8. As a result of Tech Energy's expertise, innovation, and commitment to the oil-and-gas industry, Tech Energy has developed significant intellectual property, including a portfolio of patents pertaining to valve and choke technologies.

9. On December 18, 2018, the USPTO duly and legally issued U.S. Patent No. 10,156,106 B2 ("the '106 Patent"), entitled "Pressure Balanced Drilling Choke."

Tech Energy owns the ’106 Patent by assignment. A copy of the ’106 Patent is attached as **Exhibit 1**.

## WOM’s Infringing Activities

10. WOM manufactures, markets, offers for sale, and sells “chokes,” which are valves intended to reduce the pressure of fluids coming from a well). *See* **Exhibit 2**, *Chokes*, Worldwide Oilfield Machine, https://womgroup.com/wp-content/uploads/2019/09/Chokes-Catalog_compressed.pdf (last visited Oct. 9, 2026), at p. 8 (sales brochure for WOM chokes, including “Pressure Balanced Adjustable Chokes”). WOM’s chokes include “Pressure Balanced Adjustable Chokes,” which WOM touts as “the improved version of the standard needle & seat type chokes, where the operating torque is significantly reduced by balancing the pressure across the gate.” WOM advertises that the lower torque “eliminates the requirement of [a] gear box,” which in turn: (1) “considerably reduc[es] the number of turns to operate the choke”; (2) “makes field maintenance easy”; and (3) “eliminates the possibility of over-torquing the stem, thus prevent[ing] the possible damage to the trip components.”

11. The “Pressure Balanced Adjustable Chokes” that WOM advertises for sale and sells include at least choke “Model WPB-30” and “Model WBP-40.” A copy of a WOM catalog for its chokes, including the infringing “Model WPB-30” and “Model WBP-40” chokes, is attached as **Exhibit 2**. Collectively, WOM’s “Pressure Balanced Adjustable Chokes,” including the “Model WPB-30” and “Model WBP-40” chokes, are referred to as the “Accused Products.”

12. On information and belief, the Accused Products are depicted and described in relevant aspects by the WOM catalog for chokes attached as **Exhibit 2**.

13. On information and belief, WOM has achieved reduced operating torque and the other related improvements in its "Pressure Balanced Adjustable Chokes" by implementing the invention of the '106 Patent into those chokes. WOM's implementation of the invention of the '106 Patent in the "Pressure Balanced Adjustable Chokes" is described in more detail below and in the detailed analysis attached as **Exhibit 3**.

**WOM's Infringement Is Knowing and Willful**

14. At a minimum, WOM knew that it infringed the '106 Patent no later than June 4, 2026, when Tech Energy sent WOM a cease-and-desist letter notifying WOM that its "Pressure Balanced Adjustable Chokes"—"Models WBP-30 & -40"—infringe claim 1 of the '106 Patent. A copy of the June 4 letter is attached as **Exhibit 4**. Included with the letter was a claim chart showing how the valves infringed claim 1 of the '106 Patent, which is attached as **Exhibit 5**.

15. In its June 4letter, Tech Energy requested a response from WOM in writing by June 18 confirming that WOM would cease and desist from "manufacturing, using, importing, marketing, selling, and offering to sell all chokes that infringe at least claim 1 of the '106 Patent including, but not limited to, the Adjustable Choke Models WBP-30 & -40." Tech Energy also informed WOM that if it failed to cease and desist its infringing activity, "Tech Energy is prepared to pursue prompt legal action for patent infringement."

16. Not until July 14—almost six weeks after the June 4 letter and almost four weeks after the June 18 response deadline—did WOM acknowledge receipt of the letter. In a correspondence dated July 14, WOM agreed to "respond once [it] . . . had an opportunity to review the asserted patent and the accused product." Tech Energy followed up on the status of WOM's response on July 30 and August 9; however, to date, WOM has not provided the promised response to Tech Energy's June 4 letter. A copy of Tech Energy's and WOM's correspondences related to Tech Energy's June 4 letter is attached as **Exhibit 6**.

## FIRST CLAIM FOR RELIEF

## (Direct Infringement of the '106 Patent)

17. Tech Energy realleges paragraphs 1-16 above as if fully set forth herein.

18. The '106 Patent is a valid, enforceable patent that was duly issued by the USPTO on December 18, 2018. **Exhibit 1**.

19. Tech Energy is the assignee of the '106 Patent with ownership of all substantial rights in the '106 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

20. WOM has directly infringed, and continues to directly infringe, at least claim 1 of the '106 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Accused Products.

21. A detailed analysis of WOM's infringement of the '106 Patent can be found in **Exhibit 3**, which is incorporated in its entirety.

22. WOM's infringement of the '106 Patent has been, and continues to be, willful, knowing, and intentional.

23. Tech Energy has suffered economic harm because of WOM's infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

24. WOM has caused and, unless restrained and enjoined, will continue to cause, irreparable injury and damage to Tech Energy for which there is no adequate remedy at law. Unless enjoined by this Court, WOM will continue to infringe the '106 Patent.

## SECOND CLAIM FOR RELIEF

## (Induced Infringement of the '106 Patent)

25. Tech Energy realleges paragraphs 1-24 above as if fully set forth herein.

26. WOM also knowingly and intentionally induces others to infringe at least claim 1 of the '106 Patent in violation of 35 U.S.C. § 271(b) by instructing others to make, use, sell, offer to sell, and/or import into the United States, the Accused Products.

27. As described above, WOM has been aware of the '106 Patent and the infringing nature of Accused Products since at least June 4, 2026.

28. Despite knowledge of the ’106 Patent, WOM continues to actively encourage and instruct their customers (for example, through product information and instruction materials) to implement and use the Accused Products in ways that directly infringe at least claim 1 of the ’106 Patent. WOM does so knowing and intending that their customers will commit these infringing acts.

29. WOM also continues to make, use, sell, offer for sale, and/or import into the United States the Accused Products, despite their knowledge of the ’106 Patent, thereby specifically intending for and inducing their customers to infringe the ’106 Patent through their customers’ normal and customary use of the Accused Products.

30. Tech Energy has suffered economic harm because of WOM’s induced infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

31. WOM has caused and, unless restrained and enjoined, will continue to cause, irreparable injury and damage to Tech Energy for which there is no adequate remedy at law. Unless enjoined by this Court, WOM will continue to induce infringement of the ’106 Patent.

## THIRD CLAIM FOR RELIEF

## (Contributory Infringement of the ’106 Patent)

32. Tech Energy realleges paragraphs 1-31 above as if fully set forth herein.

33. WOM has also knowingly and willfully contributed, and continues to contribute, to their customers' direct infringement of the '106 Patent in violation of 35 U.S.C. § 271(c) by offering for sale and providing the Accused Products to customers.

34. As described above, WOM has been aware of the '106 Patent and the infringing nature of the Accused Products since at least June 4, 2026.

35. As described above and in **Exhibits 2**, **3, and 5**, the Accused Products are especially made and adapted for use as chokes. The Accused Products are not staple articles of commerce and are not suitable for any substantially non-infringing use. Use and implementation of the Accused Products by WOM and their customers infringes at least claim 1 of the '106 Patent.

36. Tech Energy has suffered economic harm because of WOM's contributory infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

37. WOM has caused and, unless restrained and enjoined, will continue to cause, irreparable injury and damage to Tech Energy for which there is no adequate remedy at law. Unless enjoined by this Court, WOM will continue to infringe the '106 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Tech Energy requests entry of judgment in its favor and against WOM as follows:

1. Entry of judgment holding WOM liable for infringement of the ’106 Patent;

2. An order permanently enjoining WOM, its officers, agents, servants, employees, attorneys and affiliated companies, their assigns and successors in interest, and those persons in active concert or participation with them, from continued acts of infringement of the ’106 Patent;

3. An order awarding Tech Energy its damages according to proof resulting from WOM’s past, current, and future infringement of the ’106 Patent, together with prejudgment and post-judgment interest;

4. A declaration that WOM’s infringement of the ’106 Patent is willful;

5. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Tech Energy’s reasonable attorneys’ fees; and

6. Any and all other legal or equitable relief as may be available under law and which the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Tech Energy demands a trial by jury as to all issues so triable.

Dated: October 12, 2026

Respectfully Submitted,

/s/ *John R. Emerson*
John R. Emerson
Texas Bar No. 24002053
russ.emerson@haynesboone.com
Grant E. Gibson (application for admission forthcoming)
Texas Bar No. 24117859
grant.gibson@haynesboone.com
Dylan Freeman (application for admission forthcoming)
Texas Bar No. 24131314
dylan.freeman@haynesboone.com

*Attorneys for Plaintiff Tech Energy Products, L.L.C.*